## Levy, Appellant, *v.* American Ice Co.

Argued December 3, 1930. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SADLER, SCHAFFER and MAXEY, JJ.

*David H. Felix,* of *Felix & Felix,* for appellant.

*Homer G. White,* with him *Layton M. Schoch,* for appellee.

OPINION BY MR. JUSTICE MAXEY, January 26, 1931:

This is an appeal from the final decree of the Court of Common Pleas No. 1 of the County of Philadelphia, sitting in equity, dismissing a bill in equity praying for a specific performance of an alleged contract for the sale of certain real estate. This real estate was offered

for sale at a public auction. The advertisement described it as being served with a private siding from a railroad company. At the time of the sale, the auctioneer announced that this part of the advertisement was erroneous, and that no siding rights would be included in the sale. When this announcement was made, the appellant's agent was present. The plaintiff admits this, but contends that immediately thereafter, upon his solicitation, this announcement was modified, and that the auctioneer, with the consent of an agent of the vendor, then announced that "arrangements could be made with the vendor for the purpose of 'spotting' cars upon this track." The auctioneer denies this. The plaintiff purchased the real estate at the auction. The contract of sale of the real estate was then presented, but it contained no provision giving the purchaser any siding privileges. This was signed by both appellant and appellee. A check was then tendered by the appellant. This check was in payment of the auctioneer's charge of $50 and 10 per cent of the "down money." The check contained on its face a statement, "By endorsement check is accepted in full payment of the following account," followed by the words, "Free use of siding cars to be arranged with American Ice Company for spotting." The appellee's representative, who was in general charge of the sale for appellee, rejected the check because of the condition endorsed thereon relative to the use of the siding, and this representative stated to the appellant that he, the agent, did not have authority to sell the property under any circumstances other than as contained in the original contract. "They could take it or leave it. They said the property is worthless to us without it [i. e., the siding privileges]. I said, 'All right, the sale is off,' and I tore the contract up—the one I had." The auctioneer and appellee's agent both deny there was any modification of the terms of the sale, and the appellant failed to prove authority in either the auctioneer or the agent to vary its terms.

The court below found the facts in favor of the appellee, and there is evidence to sustain these findings.

The decree of the court below is affirmed at the cost of the appellant.